**AFFIRMED and Opinion Filed June 18, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01581-CR

**JESSICA JOY WIESE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-80756-2019**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Reichek

Jessica Joy Wiese appeals her conviction for the offense of injury to a child.

In a single issue, appellant contends the trial court erred by denying her request for

expert assistance. We affirm the trial court's judgment.

## Background

Appellant was charged in eight separate indictments for injuring six different

children while working at a daycare center in McKinney, Texas. The case before us

involves a single indictment alleging that appellant intentionally and knowingly

caused bodily injury to K.G., a seven-week-old infant. Video obtained from the

daycare center showed appellant roughly handling K.G., including striking him,

forcing what appeared to be a wipe into his mouth, and shaking him upside down by his ankles. K.G. was examined by a pediatrician specializing in child abuse who determined he had suffered two rib fractures and a fractured femur. The leg fracture was consistent with having been held by the ankles and shaken.

Appellant was arrested on December 3, 2018 and, after she was found indigent, an attorney was appointed to represent her. Approximately one year later, seven days before trial was set to begin, appellant informed her counsel she was hearing voices. Based on appellant's statements, defense counsel filed a motion for continuance and an unverified "Ex Parte Motion for Expert Assistance." In the motion, counsel stated he believed it was necessary to retain an expert "to review the mental health records and to examine [appellant] to determine her mental health condition as it existed at the time of this incident to determine if [s]he was competent and/or other mental health issues resulted in the actions that [were] made the basis of these criminal allegations against [appellant]."

An informal hearing was held on the issue of appellant's competency, and it was determined she did not meet the threshold to show incompetency to stand trial. A few days later, a formal hearing was conducted at which defense counsel stated they were no longer asserting incompetency, but that the motion "may be going to mitigation, [or] it may be going to mental state, if she has mental health issues . . . ." Counsel contended he wanted to explore whether appellant's possible mental health issues "could be a mitigating factor or some other defensive strategy."

–2–

The State noted to the court that it had recorded a recent phone call between appellant and her son in which appellant said she had told her attorney that she was hearing voices. The prosecutor stated that appellant's son paused before responding "Oh. Got ya." Appellant then said she "hoped it would help." The recording of the call was later played for the court to hear.

The trial court expressed concern, based on the length of time it took appellant to mention hearing voices and the timing of her disclosure, that she was simply trying to avoid trial. The court also stated that defense counsel needed to give him "some basis" for the need for an expert. Appellant was then brought into the courtroom for questioning.

In response to questions from the bench, appellant informed the court that she was a college graduate who worked as registered nurse until she was fired for stealing drugs. Appellant further testified she had been experiencing mental health problems her entire life, but she never sought treatment until she was in jail. Appellant stated she had been hearing voices for approximately two and one-half years, but she conceded she did not inform her counsel of this until a few days earlier. She said she had previously spoken with one of the jail's nurse practitioners and told her that she had been hearing voices.

When the court asked appellant to explain what voices she was hearing, appellant responded that they were "just random voices telling me to do things." The court then asked what kinds of things the voices were telling her to do, and she stated

they were telling her to "hurt people." Appellant testified that, while she was working at the daycare center, the voices told her to hurt the children.

During a recess in the hearing, the court obtained appellant's medical records from jail. The court then questioned appellant about the fact that, although the medical records indicated appellant told a nurse practitioner she was hearing voices, the only voice she reported hearing was her father telling her that she "did a good job." Nothing in the records supported her assertion that she was hearing voices telling her to hurt people. The court stated at the conclusion of the hearing that he was going review appellant's medical records further to see if they contained any information to support her claims of mental illness.

Four days later, the pretrial hearing resumed. The judge stated he had reviewed appellant's medical records and confirmed that, despite the fact appellant spoke with both a psychiatrist and her attorney many times while in jail, she never reported hearing voices telling her to hurt people until immediately before trial. The records showed instead that appellant sought treatment for anxiety and depression and, at one point, she mentioned having hallucinations. Appellant's request for expert assistance was denied and her trial began the same day.

A jury found appellant guilty of injury to a child as alleged in the indictment and sentenced her to ten years in prison. After her motion for new trial was denied, appellant brought this appeal.

**Analysis**

–4–

In a single issue, appellant contends the trial court erred in denying her request for expert assistance. The United States Supreme Court has held that due process entitles an indigent defendant to the appointment of an expert to assist in their defense when the defendant makes a preliminary showing that the issue for which they seek expert assistance is "likely to be a significant factor at trial." *Williams v. State*, 958 S.W. 2d 186, 192 (Tex. Crim. App. 1997). To make the required threshold showing, the defendant's claim must be based upon more than undeveloped assertions that the requested assistance would be beneficial. *Id*. Generally, the defendant's motion must make the defensive theory clear to the trial court and be supported by factual allegations or evidence that expert testimony would support the theory. *See Rey v. State*, 897 S.W.2d 333, 341 (Tex. Crim. App. 1995); *Banda v. State*, No. 05-14-01134-CR, 2016 WL 97532, at *3 (Tex. App.—Dallas Jan. 7, 2016, no pet.). In cases holding that a sufficient showing was not made, the defendant typically has failed to provide an explanation as to what the defensive theory was, why expert assistance would be helpful in establishing that theory, and submit evidence in support. *Rey*, 897 S.W.2d at 341; *see also Ivie v. State*, 407 S.W.3d 305, 311–12 (Tex. App.—Eastland 2013, pet. ref'd). We analyze whether a defendant made a sufficient threshold showing by examining the facts and arguments before the trial court at the time of the defendant's motion. *Rey*, 897 S.W.2d at 342 n.9.

In this case, the only evidence presented to the trial court that appellant suffered from significant mental illness was appellant's own testimony in which she

–5–

claimed to have heard voices telling her to hurt people. Appellant conceded she did not mention hearing voices to her counsel until immediately before trial and that her medical records from jail contradicted her assertion that the voices she allegedly heard were telling her to hurt people. Appellant's counsel did not identify any specific defensive theory for which the expert testimony was being sought. He simply contended that, *if* appellant was suffering from mental illness, it might go to mitigation or some other defensive theory.

A defendant must show more than unsupported assertions and conclusions of defense counsel that expert assistance is necessary. *Norton v. State*, 930 S.W.2d 101, 111 (Tex. App.–Amarillo 1996, pet. ref'd). The defendant must show both that there exists a reasonable probability an expert would be of assistance and that denial of expert assistance would result in a fundamentally unfair trial. *Davis v. State*, 905 S.W.2d 655, 659 (Tex. App.–Texarkana 1995, pet. ref'd). A question regarding the defendant's sanity must be "one with merit undergirded with evidentiary support." *Norton*, 930 S.W.2d at 111. The law does not require the court to provide the defendant with an expert to explore possible, unspecified defenses based on an unsupported, last-minute claim of mental illness.

We conclude the trial court did not err in denying appellant's motion for expert assistance. We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
191581F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JESSICA JOY WIESE, Appellant

No. 05-19-01581-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-80756-2019.

Opinion delivered by Justice Reichek. Justices Schenck and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 18, 2021